Roger Olson,

       Plaintiff,

v.                                     **ORDER**

Perfect University.com, Inc.,
a North Dakota corporation,
Darrell Flynn, individually,
Flynn & Associates, CPA, and
Knowledge Anywhere, Inc., a
Washington corporation,

       Defendants.

    Eric D. Bull, Esq., 126 North Third Street, Suite 150, Minneapolis, MN 55401, counsel for plaintiff.

    James L. Forman, Esq., Leonard B. Segal, Esq. and Oberman, Thompson & Segal, LLC, One Financial Plaza, 120 South Sixth Street, Suite 850, Minneapolis, MN 55402 and John R. Neve, 8500 Normandale Lake Boulevard, Suite 1080, Minneapolis, MN 55437; Paul C. Germolus, Esq. and Larson, Latham and Huettl, P.O. Box 2056, Bismarck, ND 58502, counsel for defendants.

This matter is before the court upon the motion of defendant Perfect University.com, Inc. ("Perfect University") to dismiss or transfer venue and defendants Darrell Flynn ("Flynn") and Flynn and Associates, CPA[1] ("Flynn & Associates") motion to dismiss. Based upon a review of the file, record and proceedings herein, and for the following reasons, the court grants defendants' motions to dismiss.

---

    [1] The correct name of the entity is Flynn & Associates, P.C. (See Doc. No. 5.)

**BACKGROUND**

This employment-termination and shareholder dispute arises out of the February 23, 2008, termination of plaintiff Roger Olson ("Olson") by Perfect University. At the time of his termination, Olson was the president and a director of Perfect University. (See Am. Compl. ¶¶ 10, 28.) In his May 18, 2009, complaint,[2] Olson alleges that he offered his 19,000 shares of company stock back to Perfect University after his termination, but Perfect University has not redeemed the shares. (See id. ¶¶ 11-12, 14-16.) Olson further alleges that, during his employment, Flynn forced him to execute a personal guarantee for loans that Flynn had previously made to Perfect University. (See id. ¶¶ 20-23.) The guarantee reaffirmed a personal guarantee and promissory note that Olson executed in 2004. (See Forman Aff. Ex. O.) The 2004 guarantee contains a mandatory forum-selection clause placing venue in North Dakota. (See id. Ex. N.) Lastly, Olson alleges that he was excluded from attending a meeting of the board of directors where the board removed him as a director and approved the sale of Perfect University to defendant Knowledge Anywhere, Inc. ("Knowledge Anywhere"). (See Am. Compl. ¶ 28.) Olson seeks a declaration that the personal guarantees he executed are invalid and ordering an audit of Perfect University's records to establish the value of his stock as of his date of termination.

---

[2] Olson amended his complaint on August 31, 2009.

After filing his complaint, Olson made a series of failed attempts to serve process on Perfect University. (See Forman Aff. Exs. A, D, F, H.) Each time, counsel for Perfect University informed Olson why his attempt was defective, and Olson either repeated the error or introduced new defects. (See id. Exs. B-C, E, G, I-J.) Finally, on February 17, 2010, Olson served process on Perfect University through waiver of service. (See id. Exs. L-M.) On February 12, 2010, Olson served the amended complaint and a summons dated October 19, 2009, on Flynn and Flynn & Associates. (See Doc. No. 17 at 3-4.) The record contains no reference to service on Knowledge Anywhere.

On March 5, 2010, Flynn and Flynn & Associates moved for dismissal of the complaint for lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process and failure to state a claim under Federal Rules of Civil Procedure 12(b)(2)-(6). On April 1, 2010, Perfect University moved for dismissal based on abstention and failure to state a claim and dismissal or transfer based on improper venue. Olson did not file a memorandum in response, but his counsel appeared at oral

argument.[3]  (See Doc. Nos. 23–25.)  The court addresses jurisdiction and venue because they are dispositive of this action.

**DISCUSSION**

**I. Service of Process and Personal Jurisdiction**

Without service or waiver of process, the court lacks jurisdiction over a defendant.  See Printed Media Servs., Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993).  A plaintiff must make a prima facie showing that the court has personal jurisdiction over the defendants.  See Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996). When considering whether personal jurisdiction exists, the court views the evidence in the light most favorable to the plaintiff and may consider matters outside the pleadings.  Id.; see Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1073 (8th Cir. 2004).

**A. Knowledge Anywhere**

As an initial matter, the record indicates that Olson has not served process on Knowledge Anywhere.  When, as here, "a defendant is not served within 120 days after the complaint is filed, the

---

[3] Despite Olson's failure to respond, the court allowed his counsel to appear at oral argument. See D. Minn. LR § 7.1(e) ("In the event a party fails to timely deliver and serve a memorandum of law, the Court may strike the hearing from its motion calendar, continue the hearing, refuse to permit oral argument by the party not filing the required statement, consider the matter submitted without oral argument, allow reasonable attorney's fees, or proceed in such other manner as the Court deems appropriate.").

court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). More than 120 days have passed, and the court notified Olson on January 8, 2010, that there had been no activity in this case. (Doc. No. 3.) Olson offers no explanation for his failure to serve Knowledge Anywhere. Therefore, the court lacks jurisdiction over Knowledge Anywhere, does not find good cause to extend Olson's time for service and dismisses Olson's claims against Knowledge Anywhere without prejudice.

   B.   **Flynn and Flynn & Associates**

Flynn and Flynn & Associates argue that dismissal of Olson's claims is warranted under Rule 4(m) because he did not serve process until February 12, 2010, 270 days after he filed the complaint, and 165 days after the amended complaint. Service of process after the 120-day limit without a showing of good cause for delay is grounds for dismissal of the action. Colasante v. Wells Fargo Corp., 81 F. App'x 611, 614 (8th Cir. 2003) (finding no abuse of discretion in dismissing complaint when process served 121 days after filing complaint). Olson offers no explanation for his failure to serve, and never sought leave for an extension. Moreover, a brief search of the North Dakota Secretary of State's website shows that the address of Flynn & Associates, and its registered agent, Flynn, were readily available to Olson.

5

Therefore, the court finds that Olson has not shown good cause for his failure timely to serve process, and dismissal without prejudice is warranted.

**C. Perfect University**

Although Perfect University did not argue the issue, the court may raise violation of the 120-day limit sua sponte. See Fed. R. Civ. P. 4(m). Olson failed to serve process on Perfect University within 120 days. His numerous defective attempts do not constitute good cause, as attorneys licensed to practice and appearing in federal court are required to follow the Federal Rules of Civil Procedure. See Atkinson v. Frank, 998 F.2d 1018, 1018 (8th Cir. 1993) (per curiam). Therefore, dismissal without prejudice is warranted.

**II. Venue**

Even if the court found good cause to extend the time for service under Rule 4(m), dismissal of the action is warranted because venue is improper in Minnesota. In a diversity case, venue is only proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant

> subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). In the instant case, all of the untimely served defendants reside in North Dakota, thus venue is proper there under § 1391(a)(1). Venue is also proper in North Dakota under § 1391(a)(2), because Olson's claims involve his tenure as a director, shareholder and officer of a North Dakota company and he seeks to audit its records, which are in North Dakota. Moreover, Olson admits that the forum-selection clause in the 2004 personal guarantee is valid and precludes venue in Minnesota. In contrast, other than Olson's citizenship in Minnesota, he alleges no connection between Minnesota and this action.[4] Therefore, the court determines that venue in Minnesota is improper, and proceeds to consider whether it should transfer or dismiss. See 28 U.S.C. § 1406(a).

The court must dismiss a case in which venue is improper unless the interests of justice counsel transfer to a proper venue. Id. Olson makes no showing why the interests of justice favor transfer over dismissal. Olson has failed to prosecute this case, and did not respond to defendants' motions to dismiss. As Olson's counsel states, the original injunctive goal of the case is now

---

[4] Because there is a district in which this action could have been brought, the court does not address whether defendants were subject to personal jurisdiction in Minnesota under § 1391(c).

moot.  Therefore, guided by the principles of Rule 1 of the Federal Rules of Civil Procedure, the court finds that the interests of justice and efficiency favor dismissing the case to allow Olson a fresh start at stating an actionable claim, in the proper venue and with timely service.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Defendants' motions to dismiss [Doc. Nos. 7, 12] are granted;

2. Olson's claims against all defendants are dismissed without prejudice, and without award of attorneys' fees in favor of or against any party.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 10, 2010

                                                s/David S. Doty  
                                                David S. Doty, Judge  
                                                United States District Court